UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP MURRY, | Case No.: 2:17-cv-157-APG-CWH |
| Plaintiff | **Order Rejecting Joint Pre-trial Order** |
| v. | [ECF No. 62] |
| CITY OF NORTH LAS VEGAS POLICE DEPARTMENT; SGT. MICHAEL BOOKER; and DOES 1-10, inclusive, | |
| Defendants | |

The parties' proposed Joint Pretrial Order (ECF No. 62) does not comply with Local Rules 16-3 and 16-4 in several ways. I will list just a few.

In their respective exhibit lists, the parties list what appears to be every exhibit produced in this case. And even though the parties list the same documents in their respective lists, they do not stipulate to the admission of each other's exhibits. If both parties truly intend to use an exhibit, it should be stipulated into evidence. Clearly the parties have not thoughtfully considered the exhibits they intend to use at trial.

The parties do not properly object to each other's exhibits, as required by Local Rule 16-3(b)(8)(B).

Both parties list what appears to be every witness identified in discovery. The plaintiff's list includes 45 witnesses and the defendants' list includes 33. And curiously, both parties list each other's "expert and nonexpert witnesses," as if there are any unidentified witnesses remaining. Despite these voluminous lists, the parties insist that the trial will last only five to seven days. That is nearly impossible. Again, the parties apparently have not actually thought about how they intend to present their cases at trial.

Both parties' witness lists include "Person Most Knowledgeable" witnesses. The parties should know by now the names of the witnesses they intend to present at trial. If those witnesses were not identified during discovery, they cannot be called at trial.

The parties list 14 deposition transcripts they intend to use at trial, and apparently list every page of every transcript, in violation of Local Rule 16-3(b)(10). Equally incorrect, the parties designate depositions of witnesses (including the plaintiff) who they also identify as trial witnesses. If a witness is testifying live, the deposition transcript of that witness should not be designated. And neither party objects to the other's deposition designations, apparently consenting to the admissibility of those transcripts.

Local Rules 16-3 and 16-4 are designed to streamline the trial preparation and presentation, and to foster settlement. The parties cannot simply wait to make trial decisions until the eve of trial. If they do, they cannot conduct effective settlement discussions. It is apparent from the proposed Joint Pretrial Order that the parties ignored the spirit, purpose, and language of Local Rule 16-3. The proposed order will be rejected. The parties shall submit a new proposed joint order addressing these identified problems and complying with Local Rules 16-3 and 16-4.

IT IS ORDERED that the parties' Joint Pretrial Order (**ECF No. 62**) is **REJECTED**. The parties shall personally confer as required in Local Rule 16-3, and submit a Joint Pretrial Order that complies with Local Rules 16-3 and 16-4 by June 21, 2019.

DATED this 29th day of May, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE